Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Nicole Brown-Adams

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NICOLE BROWN-ADAMS,<br><br>Plaintiff,<br><br>vs.<br><br>RAIDERS FOOTBALL CLUB, LLC; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff Nicole Brown-Adams ("Plaintiff") files this civil action against Defendants, and each of them, for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.) Title VII of the Civil Rights Act of 1991 (42 U.S.C. § 1981 et. seq.) Nevada Revised Statutes 613.330 et. seq. and related claims under Nevada law seeking damages and alleges as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 24 U.S.C. §2000e-5(f)(3), which confer original jurisdiction on federal district courts in suits to address deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. The jurisdiction of this Court is also invoked under 42 U.S.C. §§ 1981 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted administrative remedies.

5. All conditions precedent to jurisdiction under section 706 of Title VII, 42 U.S.C. §2000e 5(f)(3), have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Nevada Equal Rights Commission ("NERC") within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein.

    b. A Notice of Right to Sue in Federal Court was received from the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff initiated this action within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

**PLAINTIFF**

8. Plaintiff, Nicole Brown-Adams, was a qualified/eligible "employee" of Defendant, Raiders Football Club, LLC ("Defendant") within the meaning of 42 U.S.C. §2000e(f) and Title VII of the Civil Rights Act of 1991 (42 U.S.C. §1981 et seq.) (collectively, "Title VII"), and related claims under Nevada law.

9. Defendant, Raiders Football Club, LLC, is a limited liability corporation qualified to do business in Nevada and employs fifteen (15) or more employees. Defendant was Plaintiff's

employer and is an "employer" within the meaning of Title VII and related claims under Nevada law. Defendant is located at 1475 Raiders Way, Henderson, Nevada 89052.

10. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

**STATEMENT OF FACTS**

11. Plaintiff, a Black female, started her employment with Defendant on or about February 2016, as an Administrative Assistant. Plaintiff was later promoted to Human Resources Coordinator.

12. On June 1, 2020, Defendant again promoted Plaintiff to Human Resources Junior Generalist.

13. Plaintiff excelled at her duties as an Administrative Assistant, Human Resources Coordinator and Human Resources Junior Generalist.

14. In August 2020, Plaintiff noticed through her work that a female attorney was being paid less than her male counterpart. Plaintiff complained to management of the disparity of pay between the female and male attorneys.

15. Also in August 2020, shortly after Plaintiff advised management of the disparity in pay between male and female attorneys, Defendant conducted an "investigation" into Plaintiff's use of relocation bonus checks for corporate housing.[1] No other employees were investigated for using their relocation bonus checks in the same manner.

16. Then, also in August 2020, Defendant issued a written warning to Plaintiff for the manner in which she extended an offer of employment to an applicant when extending such offers was part of her job duties and responsibilities.

---

[1] Plaintiff received two bonus checks to assist in relocating from Oakland to Las Vegas as part of the Raiders move to Nevada.

17. In October 2020, as part of her job duties and responsibilities and following the instructions from her Supervisor, Plaintiff worked with an outside consultant regarding use the Defendant's payroll software (ADP) to process time-off requests and other scheduling functions. Defendant reviewed Plaintiff work on this project and determined that despite doing what she was told to do, she exceeded her authority in the discussions with the vendor.

18. Also in October 202, Defendant targeted Plaintiff for performing her job duties related to working with outside vendors related to background checks for incoming employees. Defendant manufactured a complaint against Plaintiff related to her communication with the vendors regarding changes to operation procedures.

19. On October 30, 2020, Defendant issues a Final Written Warning to Plaintiff related to the work with the contractor and ADP.

20. Defendant terminated Plaintiff on November 19, 2020.

## COUNT I

## RETALIATION

**Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*)**

**Title VII - Civil Rights Act of 1991 (42 U.S.C. §1981 *et seq.*)**

**NRS § 613.330 *et seq*.**

21. Plaintiff hereby incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

22. Title VII of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee who reports discrimination based upon sex.

23. Here, Plaintiff participated in a "protected activity" when she informed management of the issues of the personnel issues he was having while performing his job as a Production Supervisor. Specifically, Plaintiff informed management of the racially motivated language, the insubordination and the safety concerns.

24. Thereafter, Plaintiff experienced an adverse employment action when he was terminated.

25. Plaintiff's termination was causally connected to her protected activity.

26. As a direct and proximate result of Defendants retaliation against Plaintiff, she suffered and will continue to suffer economic damages and non-economic damages including anxiety, humiliation, and emotional distress.

27. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Karl M. Jordan, prays that this Court grant the following relief:

1. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;
2. Compensatory Damages;
3. Reasonable attorneys' fees;
4. Punitive damages;
5. Costs of suit incurred herein; and
6. Such other and further relief as the court deems just and proper

DATED this 27th day of December 2022.        WATKINS & LETOFSKY, LLP

                                              */s/ Daniel R. Watkins*
                                        By:  _____
                                              Daniel R. Watkins, Esq.
                                              8935 S. Pecos Rd., Suite 22A
                                              Henderson, NV 89074
                                              Attorneys for Plaintiff,
                                              Nicole Brown-Adams

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981s, Plaintiff hereby demands a trial by jury in this action on all issues so triable.

DATED this 27th day of December 2022.    WATKINS & LETOFSKY, LLP

By:    */s/ Daniel R. Watkins*
               _____
               Daniel R. Watkins, Esq.
               8935 S. Pecos Rd., Suite 22A
               Henderson, NV 89074
               Attorneys for Plaintiff,
               Nicole Brown-Adams